**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NATE SWARTZ, on behalf of himself and all others similarly situated,

*Plaintiff,*

v.

ESPN Inc.,

*Defendant.*

Civil Action No. 1:22-CV-01523
(Judge Christopher C. Conner)

**ESPN INC.'S MOTION TO COMPEL ARBITRATION**
**<u>AND STAY THIS ACTION</u>**

Defendant ESPN Inc. ("ESPN"), through its counsel, hereby moves to compel arbitration, pursuant to Plaintiff's written arbitration agreements and the Federal Arbitration Act, and stay this action pending the completion of the arbitration proceeding.[1]

[1] This Motion satisfies Defendant's obligation to respond to the Class Action Complaint ("Complaint") (ECF No. 1) at this stage. "Arbitrability is a 'gateway' issue, so 'a court should address the arbitrability of the plaintiff's claim *at the outset* of the litigation.'" *Silfee v. Automatic Data Processing, Inc.*, 696 Fed. App'x. 576, 577 (3d Cir. 2017) (citations omitted). "[I]n the typical case, courts should rule on a motion to compel arbitration before resolving the case on alternative, nonjurisdictional grounds." *Hause v. City of Sunbury*, No. 20-1933, 2022 WL 738611, at *2 (3d Cir. Mar. 11, 2022). Defendant reserves the right to file a Rule 12(b) motion on all other applicable grounds, prior to answering, at a later time. *See also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (holding that a prior motion to dismiss or stay did not bar a later Rule 12(b) motion).

In support of this Motion, ESPN states the following:

1. This Motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), specifically 9 U.S.C. § 3, calling for a stay of court proceedings when the issues therein are referable to arbitration, and 9 U.S.C. § 4, providing for the Court to issue an order directing the parties to arbitrate in accordance with the terms of their agreements.

2. The "Disney+ and ESPN+ Subscription Agreement" includes a binding arbitration and class action waiver provision that covers "all disputes" between the subscriber and Disney+, ESPN+, and The Walt Disney Company and its affiliates. Declaration of Doron Gura ("Gura Decl."), Ex. C at 9–10; *id.*, Ex. D at 11–12. The agreement also provides conspicuous notice of the binding arbitration and class waiver provision on its first page in all capital letters and in bold font. *Id.*, Ex. C at 1; *id.*, Ex. D at 1.

3. Plaintiff was obligated to assent to the "Disney+ and ESPN+ Subscription Agreement" in order to enroll in his Disney+ subscription through Verizon on November 12, 2019 (Gura Decl., ¶¶ 6–9), and to enroll in his Disney Bundle subscription through Verizon on January 3, 2021. *Id.*, ¶¶ 10–13.

4. Notwithstanding the arbitration provision provided for in the "Disney+ and ESPN+ Subscription Agreement," Plaintiff filed the Complaint on September 29, 2022, alleging violations of the federal Video Privacy Protection Act, 18 U.S.C.

§ 2710 ("VPPA") and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5701, *et seq.* ("Wiretap Act"). Both of Plaintiff's claims are subject to arbitration on an individual basis because Plaintiff agreed to arbitrate any dispute involving Disney+, ESPN+, and The Walt Disney Company and its affiliates, "whether based on past, present, or future events" and "whether based in contract, tort, warranty, statute, regulation, or other legal or equitable basis." Gura Decl., Ex. C at 9–10, *id*., Ex. D at 11–12.

5. Plaintiff and ESPN further agreed that an arbitrator—not a court—must decide whether a dispute falls within the scope of the arbitration agreement by expressly delegating the arbitrator "exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability" of the agreement terms, "including the arbitrability of any dispute." Gura Decl., Ex. C at 9; *id*. Ex. D at 11.

6. Because Plaintiff assented to the "Disney+ and ESPN+ Subscription Agreement" on multiple occasions, and the agreement contained a valid and enforceable binding arbitration and class action waiver provision, and Plaintiff's claim falls directly within the provision's scope, the FAA compels that these claims be submitted to arbitration and the litigation be stayed.

WHEREFORE, for all of the above reasons, as well as those that will be set forth in ESPN's forthcoming brief in support of this motion,[2] ESPN requests that this Court enter an order compelling arbitration and to stay this action pending the completion of the individual arbitration proceeding.

Dated: November 28, 2022

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja

**HOGAN LOVELLS US LLP**
Jasmeet K. Ahuja (PA ID # 322093)
1735 Market Street, 23rd Floor
Philadelphia, PA 19103-6996
Tel.: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

Allison M. Holt Ryan (*pro hac vice* forthcoming)
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600
allison.holt-ryan@hoganlovells.com

*Counsel for Defendant ESPN Inc.*

[2] ESPN will file its brief in support of this Motion within fourteen days pursuant to Local Rule 7.5.

## CERTIFICATE OF SERVICE

I hereby certify that, on November 28, 2022, a true and correct copy of the foregoing document was filed using the Court's CM/ECF System, which will serve all counsel of record.

Dated: November 28, 2022 By: */s/ Jasmeet K. Ahuja*

## CERTIFICATE OF CONCURRENCE

I hereby certify that, pursuant to Local Rule 7.1, counsel for movants sought concurrence from the parties. Counsel for Plaintiff denied concurrence.

Dated: November 28, 2022 By: */s/ Jasmeet K. Ahuja*