Hogan Lovells

Hogan Lovells US LLP
1735 Market Street, Floor 23
Philadelphia, PA 19103
T +1 267 675 4600
F +1 267 675 4601
www.hoganlovells.com

January 24, 2023

Hon. Christopher C. Conner
Ronald Reagan Federal Building
228 Walnut Street
Harrisburg, PA 17101

**Re: Civil Action No. 1:22-CV-01523 - Plaintiff's Improper Discovery Requests Submitted During the Pendency of ESPN Inc.'s Motion to Compel Arbitration (ECF No. 10)**

Dear Judge Conner:

Defendant ESPN Inc. ("ESPN") writes the Court regarding Plaintiff's appendment of discovery requests to Plaintiff's Brief in Opposition to ESPN Inc.'s Motion to Compel Arbitration and Stay this Action ("Opposition") (ECF No. 21), filed January 10, 2023. In the joint status conference on December 15, 2022, the Court requested the parties submit a briefing schedule to address the issue of whether discovery was proper and available during the pendency of a motion to compel arbitration. The parties met and conferred on December 21, 2022, but did not reach agreement on the briefing schedule or the propriety of discovery at this stage in litigation, with Plaintiff maintaining that discovery was proper and the need for briefing unnecessary. Without notifying ESPN of its intention to do so, and without submitting a proposed briefing schedule to the Court, Plaintiff appended discovery requests to his Opposition (ECF No. 21-2). To resolve any misunderstandings, ESPN met and conferred with Plaintiff on January 17, 2022, and requested that the discovery requests be withdrawn. Plaintiff declined.

Plaintiff is not entitled to discovery at this stage. As a starting matter, no merits discovery is warranted prior to the Court's ruling on Defendant's Motion to Compel Arbitration and Stay this Action (ECF No. 10), as "[a]rbitability is a 'gateway' issue" that must be resolved prior to reaching the merits. *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (citation omitted); *see also Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) ("To summarize, when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" (citations omitted)).

But Plaintiff is likewise not entitled to discovery on the issue of arbitrability—which is apparently what he seeks now—because he did not "respond[ ] to [the] motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013). Instead, Plaintiff through declaration claimed that he ***could not recall*** whether he assented to the Disney+ and ESPN+ Subscription Agreements. *See* ECF No. 21-1. It is blackletter law that failure to recollect is insufficient to place those agreements to arbitrate in issue and trigger discovery. *Matthews v. Gucci*, No. 21-434-KSM, 2022 WL 462406, at *3 (E.D. Pa. Feb. 15, 2022); *see also Juric v. Dick's Sporting Goods, Inc.*, No. 2:20-CV-00651-MJH, 2020 WL 4450328, at *9 (W.D. Pa. Aug. 3, 2020) ("With respect to contractual disputes, federal courts have consistently held that a party's failure to recall a relevant event is insufficient to raise an issue as to the occurrence of the event . . . .") (internal quotation marks and citations omitted); *Joaquin v. Directv Grp. Holdings, Inc.*, No. 15-8194 (MAS) (DEA), 2016 WL 4547150, at *3 (D.N.J. Aug. 30, 2016)

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Perth Philadelphia Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Riyadh Shanghai FTZ Ulaanbaatar. Business Service Centers: Johannesburg Louisville. Legal Services Center: Berlin. For more information see www.hoganlovells.com

("Plaintiff has not stated specific facts sufficient to put the agreements to arbitrate at issue . . . . Plaintiff does not unequivocally deny having received the DIRECTV Customer Agreement or Verizon Internet Terms of Service . . . . Without Plaintiff providing specific facts, or even an unequivocal denial, to call the agreement to arbitrate into issue, the Court does not find that discovery is warranted here.").

For the foregoing reasons, as well as those that will be set forth in ESPN's forthcoming Reply brief, Plaintiff is not entitled to any discovery, whether with respect to arbitrability or merits, during the pendency of ESPN's Motion to Compel Arbitration. In the alternative, ESPN requests a briefing schedule on this topic.

Sincerely,

*/s/ Jasmeet K. Ahuja*

Jasmeet K. Ahuja (PA ID # 322093)
Hogan Lovells US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103-6996
(267) 675-4600
jasmeet.ahuja@hoganlovells.com