**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATE SWARTZ, on behalf of himself and all others similarly situated,** | : | **CIVIL ACTION NO. 1:22-CV-1523** |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ESPN INC.,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 10th day of July, 2023, upon consideration of defendant's motion (Doc. 10) to compel arbitration, wherein defendant moves the court to compel arbitration regarding plaintiff's claims based on proffered arbitration clauses contained within a pair of "subscription agreements" appended to its motion, (see Docs. 10-4, 10-5), as well as a sworn affidavit from Doron Gura, defendant's Director of Product Management, asserting plaintiff consented to said agreements in subscribing to Disney+ and ESPN+, (see Docs. 10-1, 10-2, 10-3), and further upon consideration of plaintiff's brief in opposition, wherein he argues the proffered agreements are invalid under state law for lack of adequate notice and requests discovery related to the validity of said agreements, (see Doc. 21), and to which he appends a sworn declaration admitting to being a subscriber to the relevant services but disavowing any memory of consenting to the agreements, (see Doc. 21-1), and the court observing that in resolving a motion to compel arbitration, a district court may rely upon either the standards governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) or those governing summary

judgment motions under Rule 56, see Guidotti v. Legal Helpers Debt Resolution LLC, 716 F.3d 764, 771-76 (3d Cir. 2013); see also GGNSC Camp Hill W. Shore, LP v. Thompson *ex rel.* Mullen, No. 1:15-CV-445, 2015 WL 1932330, at *7 (M.D. Pa. Apr. 28, 2015) (Conner, C.J.), and "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause," the court should utilize the Rule 12(b)(6) standard without authorizing discovery, see Guidotti, 716 F.3d at 776, but when "the complaint and its supporting documents are unclear regarding the agreement to arbitrate," or when a plaintiff opposes a motion to compel "with additional facts sufficient to place the agreement to arbitrate in issue," id. at 776, the "non-movant must be given the opportunity to conduct limited discovery" on arbitrability, id. at 774 (internal quotation marks omitted); see Horton v. FedChoice Fed. Credit Union, 688 F. App'x 153, 157 (3d Cir. 2017) (nonprecedential) (quoting Guidotti, 716 F.3d at 774), and the court, turning to the matter *sub judice*, observing that plaintiff brings claims pursuant to the federal Video Privacy Protection Act, 18 U.S.C. § 2710, and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 PA. CONS. STAT. § 5701 *et seq.*, (see generally Doc. 1), and that none of the complaint's factual allegations reference the existence of the subscription agreements, nor does the complaint rely on the subscription agreements to state a

claim, and the court finding arbitrability is unclear on face of the complaint,[1] and the court concluding this lack of clarity necessitates allowing limited discovery concerning the validity and enforceability of the agreements, upon which defendant's instant motion rests, and thereafter use of a summary judgment standard to assess a renewed motion to compel, see Guidotti, 716 F.3d at 774, 776; Horton, 688 F. App'x at 157; GGNSC, 2015 WL 1932330, at *7, it is hereby ORDERED that:

1. Defendant's motion (Doc. 10) to compel is DENIED without prejudice pending the period of arbitrability discovery ordered in paragraph 2.

[1] Defendant insists the arbitration agreement, found within the subscriber agreements for Disney+ and ESPN+, is incorporated in the complaint because plaintiff avers he is a subscriber to ESPN+, and Gura asserts plaintiff agreed to the proffered service agreements. Specifically, Gura describes a particular chain of online enrollment screens through which plaintiff allegedly consented to the agreements. (See Doc. 23 at 1-6). Our court of appeals has held arbitrability was not clear on the face of the complaint in nearly identical circumstances. See Horton, 688 F. App'x at 154-55, 157. We acknowledge that Horton is a nonprecedential decision, but we are persuaded by its *ratio decidendi*. In the instant matter, there is a lack of clarity regarding the process through which plaintiff consented to the clickwrap service agreements as well as the level of notice provided by this process. See Holdbrook Pediatric Dental, LLC v. Pro Comput. Serv., LLC, No. CIV. 14-6115, 2015 WL 4476017, at *6-7 (D.N.J. July 21, 2015); see also Horton, 688 F. App'x at 157 ("Without the benefit of a developed factual record, we cannot assess whether the authenticity or import of the computer printouts, offered by [defendant]'s own employee, are factual matters beyond reasonable dispute."). Moreover, defendant's arguments suggesting we should grant the motion to compel without discovery under the Rule 12(b)(6) standard rely on Gura's affidavit, and affidavits cannot be considered under the Rule 12(b)(6) standard. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Cent. Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 343 (3d Cir. 1966)). The proffered arbitration clauses may well be valid and enforceable, but we lack the record necessary to say so definitively at this procedural juncture.

2. The parties shall have until **October 10, 2023**, to conduct discovery limited to the validity and enforceability of the arbitration agreements appended to defendant's motion (Doc. 10) to compel. Defendant may renew its motion on or before **November 10, 2023**, if warranted. Briefing with respect to said motions shall proceed according to the Local Rules governing motions for summary judgment. See M.D. PA. L.R. 7.1-7.8.

3. The discovery issue raised by defendant in its letter (Doc. 22) dated January 24, 2023, pertaining to the propriety of complying with discovery requests prior to resolution of the motion to compel, is DENIED as moot.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania