**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATE SWARTZ, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ESPN Inc.,<br><br>*Defendant*. | Civil Action No. 1:22-CV-01523<br>(Judge Christopher C. Conner) |

**ESPN'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Defendant ESPN Inc. ("ESPN") respectfully requests this Court issue an order compelling Plaintiff Nate Swartz ("Plaintiff") to (i) produce relevant and responsive documents improperly withheld; and (ii) fully respond to certain interrogatories. The parties' dispute centers on Plaintiff's insistence that factual documents and/or information collected by his counsel ("withheld factual information"), but which he intends to use in support of his Opposition to ESPN's forthcoming Motion to Compel Arbitration, are (i) outside of his "possession, custody, or control," and/or (ii) protected by the work product doctrine. Plaintiff asserts that he is only required to produce factual documents from his personal, custodial files and answer interrogatories from his personal knowledge. But Plaintiff has identified no caselaw

in support of his position; rather, his position reflects a strategy of litigation by ambush—seeking to temporarily block discovery of otherwise responsive documents and information until Plaintiff chooses to spring new facts on ESPN after the close of the discovery. The Court should not countenance such gamesmanship. This Court ordered discovery to ascertain whether Plaintiff indeed agreed to arbitrate any dispute with ESPN, and Plaintiff's position impedes that objective. ESPN respectfully requests the Court grant its motion to compel.

## BACKGROUND

On July 10, 2023, this Court ordered limited discovery into the "validity and enforceability of the arbitration agreements appended to [ESPN]'s motion to compel [arbitration]." *See* ECF No. 29 at 4. On September 6, 2023, ESPN served its first set of interrogatories and first set of requests for production on Plaintiff. *See* Exhibit A (ESPN's First Set of Interrogatories); Exhibit B (ESPN's First Set of Requests for Production). ESPN's discovery requests were designed to ascertain the factual basis for Plaintiff's assertion that he did not agree to arbitrate "any dispute" with ESPN—despite twice manifesting his assent to the "Disney+ and ESPN+ Subscriber Agreement" when enrolling in and activating his Disney+ and Disney Bundle accounts. *See* ECF No. 13.

On October 10, 2023, Plaintiff served responses and objections to ESPN's First Set of Interrogatories and First Set of Requests for Production. *See* Exhibit C

(Plaintiff's Responses and Objections to ESPN's First Set of Interrogatories); Exhibit D (Plaintiff's Responses and Objections to ESPN's First Set of Requests for Production). The parties met and conferred on October 30, 2023, and Plaintiff advised ESPN during that meet and confer, and later confirmed by email correspondence, that Plaintiff's responses to ESPN's discovery requests would only include information within Plaintiff's *personal* knowledge and that Plaintiff would only produce documents in Plaintiff's *personal* custodial files. *See* Exhibit E (Correspondence between ESPN and Plaintiff). Plaintiff argued that any factual information or documents held by his counsel were outside of his "possession, custody, or control." *Id.* Plaintiff further asserted that the work product privilege covered all relevant, responsive factual information and documents in his counsels' files, regardless of whether Plaintiff intends to rely on such factual information at a later stage. *Id.* There is no support for either blanket assertion.[1]

Although Plaintiff's dual objections apply equally to each of the discovery requests propounded by ESPN, Plaintiff represented that he is only withholding documents and information responsive to Document Request No. 7 and certain interrogatories, namely, Interrogatories Nos. 9, 10, 12, and 13. *See* Exhibit A;

---

[1] ESPN attempted to informally resolve this dispute without this Court's intervention by providing Plaintiff with case law and other authorities that refute Plaintiff's stated objections. *See* Exhibit E. In response, Plaintiff directed ESPN only to Federal Rule of Civil Procedure 26(b)(3), which codifies the work product doctrine in part. *Id.* Plaintiff provided no other support for his stated objections.

Exhibit B. ESPN's Document Request No. 7 asks that Plaintiff produce "all documents that [Plaintiff] intend[s] to use to oppose a motion to compel arbitration by ESPN." *See* Exhibit B. ESPN's disputed interrogatories, likewise, seek information that Plaintiff intends to rely upon in his Opposition to ESPN's forthcoming Motion to Compel Arbitration. *See* Exhibit A, Interrogatories Nos. 9, 10, 12, 13. As of the date of this motion, and after additional meet and confers on November 6, 2023, and November 7, 2023, Plaintiff refuses to produce documents and information outside of his personal knowledge or personal files, including facts available to him through his counsel.

## LEGAL STANDARD

Rule 26(b)(1) of the Federal Rule of Civil Procedure permits litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The liberal discovery permitted by the Federal Rules ensures that no relevant facts remain hidden. *Drippe v. Gototweski*, No. 3:06-1096, 2007 WL 9658095, at *1 (M.D. Pa. Nov. 14, 2007). Although the work product doctrine immunizes certain documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" from discovery, Fed. R. Civ. P. 26(b)(3), the doctrine does not shield factual information from discovery. 8 Wright & Miller, Fed. Prac. & Proc. Civ. § 2024 (3d ed.); *see also Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the

work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts . . . contained within work product."). A party asserting work-product protection bears the burden of proving that the materials in question were prepared in anticipation of litigation. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). In evaluating claims of work product, courts are required to consider the nature of the document for which protection is sought as well as the circumstances surrounding its creation and distribution. *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993).

## ARGUMENT

### I. DOCUMENTS GATHERED BY PLAINTIFF'S COUNSEL ARE NOT COVERED BY THE WORK PRODUCT DOCTRINE AND ARE DISCOVERABLE

#### A. Plaintiff Must Produce Documents Held By Counsel If Responsive

Plaintiff cannot avoid his discovery obligations by claiming that documents in his counsel's files are outside of his "possession, custody, or control" under Federal Rule of Civil Procedure 34(a). A party has "possession, custody, or control" over documents that they have the legal right to obtain on demand. *See Dixon v. Williams*, No. 4:13-CV-02762, 2016 WL 631356, at *3 (M.D. Pa. Feb. 17, 2016). Plaintiff undoubtedly has the legal right to access documents that his attorneys possess, and he therefore must produce relevant, responsive documents collected by

his attorneys. *See* 7 Moore's Federal Practice (2021), § 34.14[2][c]; *see also Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) ("a party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents") (citation omitted). Here, Plaintiff has made clear that the withheld documents are in his counsel's possession, and thus are in Plaintiff's possession, custody, and control for purposes of Rule 34.

**B. Documents Collected By Plaintiff's Counsel Are Not Protected From Discovery By The Work Product Privilege**

Plaintiff's blanket assertion of work product over factual documents collected by counsel is neither supported by the Federal Rules nor by caselaw. The work product doctrine's protections exist to protect an attorney's inviolate thoughts and impressions. Purely gathering fact documents from third parties or publicly available sources does not gloss documents with an attorney's mental impressions. *See In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2006 WL 1479819, at *7 (E.D. Pa. May 26, 2006) ("Plaintiffs cannot avoid disclosure based upon the simple fact that counsel obtained certain documents from third parties. The information in question does not fall within the protection of the work-product doctrine."). And here, ESPN is "merely seeking to uncover the factual basis for Plaintiff['s] claims—the central purpose of discovery." *Id.*

More specifically, all ESPN is seeking are the factual documents that Plaintiff may later use in his Opposition to ESPN's forthcoming Motion to Compel

Arbitration. *Cf. Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985) (an attorney's "conscious segregation" of documents from a pool of *already produced documents* specifically chosen and organized by the attorney to prepare for a deposition afforded work product protection). Plaintiff should not be permitted to withhold factual materials during the limited discovery period—based on a temporary assertion of work product—only for Plaintiff to later use these materials against ESPN after discovery has closed. *Styer v. Frito-Lay, Inc.*, No. 1:13-CV-833, 2015 WL 1243423, at *5 (M.D. Pa. Mar. 18, 2015) ("The hallmarks of discovery in federal court are, and should be, openness, transparency, and candor. Gamesmanship, ambush, surprise, and concealment have no place in federal practice.").

Plaintiff's sweeping, unconditional claim that documents his attorneys gathered from third parties or public sources constitute work product is incorrect, and cannot carry Plaintiff's burden of establishing the applicability of the privilege. *See In re Auto. Refinishing* 2006 WL 1479819, at *6-*7; *see also Andrews v. D2 Logistics, Inc.*, No. 1:21-CV-869, 2022 WL 4079595, at *4 (M.D. Pa. Sept. 6, 2022) ("'claims of . . . privilege must be asserted document by document, rather than as a single, blanket assertion.'") (quoting *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990). These documents are discoverable, and Plaintiff's refusal to produce them based on an unsupported assertion of the work product privilege should be rejected.

## II. PLAINTIFF SHOULD BE COMPELLED TO FULLY RESPOND TO CERTAIN INTERROGATORIES

For similar reasons, the Court should also compel Plaintiff to fully answer ESPN's Interrogatories Nos. 9, 10, 12, and 13. Plaintiff states that he will provide answers to ESPN's Interrogatories Nos. 9, 10, 12, and 13 "based on the knowledge of Plaintiff Nate Swartz *only*, not the knowledge of his attorneys." *See* Exhibit E (emphasis added). This too is improperly limited. It is blackletter law that Plaintiff "must disclose facts in [his] attorney's possession even though the facts have not been transmitted to [Plaintiff]." *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); *see also* 8B Wright & Miller, Fed. Prac. & Proc. Civ. § 2177 (3d ed.).

Nor can Plaintiff withhold *facts* in discovery based on work product assertions—especially those facts that Plaintiff intends to marshal in opposition to ESPN's forthcoming motion to compel arbitration. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 156 (D. Del. 1999) (" [Plaintiff], . . . under the guise of the work product doctrine, seeks to manipulate the timing of the revelation of facts it has gathered and upon which it intends to rely to suit its purposes. This was never the intent of the work product doctrine, and the Court declines [Plaintiff's] invitation to extend the scope of that doctrine."); *Musko v. McCandless*, Civ. No. 94–3938, 1995 WL 580275, at *1 n.2 (E.D. Pa. Sept. 29, 1995) ("Facts that attorneys witness

or discover through their investigative efforts, as opposed to the impressions and conclusions drawn from them, are not protected by the work product doctrine."). Federal Rule of Civil Procedure 33(a)(2) states that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." And, as this Court has recognized, "'courts consistently [hold] that the work product concept furnishe[s] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned . . . .'" *See Scott v. Lackey*, No. 1:02-CV-1586, 2008 WL 2444518, at *2 (M.D. Pa. June 13, 2008) (quoting 8 Wright & Miller, Fed. Prac. & Proc. Civ. § 2023 (2d ed.) (Conner, J.).

Accordingly, the Court should order Plaintiff to disclose all of the facts available to him—including those facts known by his counsel—in response to ESPN's interrogatories.

## CONCLUSION

For the foregoing reasons, ESPN respectfully requests that the Court grant its motion to compel and order Plaintiff to comply with his discovery obligations by fully responding to ESPN's Document Request No. 7 and Interrogatories Nos. 9, 10, 12, and 13.

Dated: November 16, 2023

Respectfully submitted,

/s/ *Jasmeet K. Ahuja*
Jasmeet K. Ahuja (PA ID # 322093)

**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

Allison M. Holt Ryan (*pro hac vice*)
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600
allison.holt-ryan@hoganlovells.com

*Counsel for Defendant ESPN Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 16, 2023, a true and correct copy of the foregoing document was filed using the Court's CM/ECF System, which will serve all counsel of record.

Dated: November 16, 2023 By: /s/ *Jasmeet K. Ahuja*

**CERTIFICATE OF CONCURRENCE**

I hereby certify that, pursuant to Local Rule 7.1, counsel for movant sought concurrence from the parties. Counsel for Plaintiff advised that they do not concur.

Dated: November 16, 2023 By: /s/ *Jasmeet K. Ahuja*

**CERTIFICATE OF CONFERENCE TO RESOLVE OBJECTIONS**

I hereby certify that, pursuant to Local Rule 26.3, counsel for movant conferred with counsel for Plaintiff in a good faith effort to resolve by agreement, without the intervention of the Court, the issues raised by the motion. Plaintiff refuses to move from his position.

Plaintiff maintains that he is not obligated to produce documents and information outside of his personal knowledge or personal files, including facts available to him through counsel, because Plaintiff contends these materials are (i) outside of his "possession, custody, or control," and/or (ii) protected by the work

product doctrine. The parties conferred on this issue three times—on October 30, 2023, November 6, 2023, and November 7, 2023—prior to movant seeking intervention from this Court. After the parties' initial conference on October 30, 2023, counsel for movant provided Plaintiff with caselaw and other authorities that refute Plaintiff's stated objections in an attempt to informally resolve the dispute. *See* Exhibit E. In response, counsel for Plaintiff directed counsel for movant only to Federal Rule of Civil Procedure 26(b)(3), which codifies the work product doctrine in part. *Id.* Counsel for Plaintiff provided no other support for Plaintiff's stated objections, nor did Plaintiff otherwise refute any of the provided caselaw citations. The parties met and conferred twice thereafter, on November 6, 2023, and November 7, 2023. During those conferences, counsel for Plaintiff advised that Plaintiff would not produce documents and information outside of Plaintiff's personal knowledge or personal files absent an order from this Court.

Dated: November 16, 2023 By: /s/ *Jasmeet K. Ahuja*