**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NATE SWARTZ, on behalf of himself and all others similarly situated,

*Plaintiff*,

v.

ESPN Inc.,

*Defendant*.

Civil Action No. 1:22-cv-01523
(Hon. Karoline Mehalchick)

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ESPN INC.'S RENEWED MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION**

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendant ESPN Inc. ("ESPN") is an entertainment and sports programming company. The Walt Disney Company is an indirect majority shareholder of ESPN. *See* ECF No. 9 (ESPN's Statement Pursuant to Fed. R. Civ. P. 7.1).

2. ESPN offers a subscription service titled ESPN+, which provides subscribers with access to exclusive ESPN articles and streaming content, including live sports. *See* Ex. 1, *ESPN+*, https://plus.espn.com/ (last visited Feb. 9, 2024).

3. Disney Streaming Services, LLC ("Disney Streaming") is an indirect subsidiary of the Walt Disney Company. Disney Streaming and its affiliates offer a combined subscription package titled the Disney Bundle, which includes Disney+ and ESPN+ along with Hulu, another streaming service operated by a subsidiary of The Walt Disney Company. *See* Ex. 2, Declaration of Deepti Mutnuru ("Mutnuru Decl.") ¶ 2; Ex. 3, Deposition of Deepti Mutnuru, November 7, 2023 ("Mutnuru Tr.") at 28:13–24.

4. Plaintiff Nate Swartz is a citizen of Pennsylvania and currently maintains an ESPN+ subscription.[1] *See* Compl., ECF No. 1, at 5; Ex. 4, Plaintiff's

[1] Though not the basis for this Motion, Plaintiff has not plausibly alleged facts demonstrating that he is a "renter, purchaser, or subscriber of goods or services from a video tape service provider" under the Video Privacy Protection Act. *See* 18 U.S.C. § 2710(a)(1).

Responses and Objections to Defendant ESPN Inc.'s First Set of Requests for Admission, October 10, 2023, at 3–4.

5. Disney Streaming business records demonstrate that Plaintiff previously maintained an ESPN+ account using the email address, natemswartz@hotmail.com, for the periods (i) July 27, 2019 through August 30, 2020; and (ii) September 1, 2020 through November 30, 2020. *See* Ex. 5, Declaration of Clare Lynch ("Lynch Decl.") ¶ 8.

6. On November 3, 2020, Plaintiff received an email to his natemswartz@hotmail.com email address from ESPN confirming that Plaintiff's subscription to ESPN+ had been "canceled," and that Plaintiff's access to ESPN+ would continue "until the end of [the] current billing period." Ex. 6, SWARTZ000753-SWARTZ000754. Disney Streaming business records reveal that on December 1, 2020, at the end of that billing period, Plaintiff's access to his ESPN+ account connected to his natemswartz@hotmail.com email was terminated. *See* Ex. 5, Lynch Decl. ¶ 8, Ex. A.

7. As a result, Plaintiff did not have access to ESPN+ from December 1, 2020 until January 3, 2021. On January 3, 2021, Plaintiff enrolled in and activated a Disney Bundle subscription—this time using a different email address: natemswartz@gmail.com. Ex. 5 Lynch Decl. ¶¶ 8–9; Ex. 2 Mutnuru Decl. ¶ 10.

Under that Disney Bundle subscription, Plaintiff gained access to the ESPN+ service via his natemswartz@gmail.com account. Ex. 2 Mutnuru Decl. ¶ 10.

8. Plaintiff's January 3, 2021, Disney Bundle enrollment and subscription was created through a Verizon promotion. *See* Ex. 7, Deposition of Nate Swartz, January 10, 2024 ("Swartz Tr.") at 104:11–13, 104:24–105:1; *see also* Ex. 2, Mutnuru Decl. ¶ 10. Plaintiff understood at the time of his enrollment that the Disney Bundle encompassed the ESPN+, Disney+, and Hulu streaming services. *See* Ex. 7, Swartz Tr. at 104:21–23, 105:21–25 ("When I signed up for the bundle my understanding was that I would be able to access the Hulu content, the Disney content, [and] ***the ESPN content*** . . . .") (emphasis added).

9. Plaintiff recalls subscribing to the Disney Bundle through a Verizon promotion but cannot recall the steps he took to subscribe. *See* Ex. 8, Plaintiff's Supplemental Responses and Objections to ESPN's First Set of Interrogatories, at 10–11.

10. To enroll in the Verizon offering of the Disney Bundle in January 2021, Plaintiff was required to activate his Disney Bundle promotional subscription through an online enrollment flow ("Subscription Activation Process"). Ex. 2, Mutnuru Decl. ¶ 12; Ex. 3., Mutnuru Tr. at 41:5–14. Plaintiff could not have activated his Disney Bundle promotional subscription, nor accessed his Disney Bundle services, including ESPN+, between January 3, 2021 and the filing of his Complaint, without completing the Subscription Activation Process. *Id*. Mutnuru Decl. ¶ 13.




11. To enroll in the Verizon Disney Bundle promotional subscription, Verizon customers, including Plaintiff, were directed to the Disney Bundle webpage on Verizon's website. Ex. 2, Mutnuru Decl. ¶ 12(a), Ex. B at 2. To progress through the Subscription Activation Process, Verizon customers, including Plaintiff, were

given the opportunity to select the Disney Bundle as an add-on to their Verizon plan for a 12-month promotional period when they clicked on the black button labelled "Get it now." Ex. 2, Mutnuru Decl. ¶ 12(a), Ex. B at 2.

12. Once the "Get it now" button was selected, Verizon customers, including Plaintiff, were provided a redemption link that, when clicked, would take the Verizon customer to the Disney Bundle activation webpage. *See* Ex. 2, Mutnuru Decl. ¶ 12(c), Ex. B at 7.



13. The activation webpage required the customer to enter their email address. *See* Ex. 2, Mutnuru Decl. ¶¶ 12(c)-12(d). The activation webpage also included a large blue button with white font that states "AGREE & CONTINUE." Immediately above the "AGREE & CONTINUE" assent button were four sentences of text describing the terms to which customers must acknowledge and agree before completing their Disney Bundle subscription activation (the "Activation Acknowledgment"). The Disney Activation Acknowledgment stated, in part, "By clicking 'Agree & Continue,' you agree to our Subscriber Agreement and acknowledge that you have read our Privacy Policy." Ex. 2, Mutnuru Decl. ¶ 12(d). Both the terms "Subscriber Agreement" and "Privacy Policy" were underlined and in blue font, offset from the surrounding white text, to indicate that they were clickable hyperlinks. Ex. 2, Mutnuru Decl. ¶ 12(d). Each led, respectively, to the Disney+ and ESPN+ Subscriber Agreement ("Subscriber Agreement") and the Privacy Policy. Ex. 2, Mutnuru Decl. ¶ 12(d).

14. Plaintiff could not have enrolled in the Disney Bundle in January 2021, nor accessed his Disney Bundle promotional subscription through Verizon in January 2021—including enrolling in, activating, and accessing ESPN+—without first assenting to the Subscriber Agreement. Ex. 2, Mutnuru Decl. ¶ 13; *see also* Ex. 3., Mutnuru Tr. at 66:14–67:18.

15. Plaintiff does not dispute that he proceeded through the Subscription Activation Process; rather, he simply does not "recall the steps he took to subscribe" and "does not recall [ ] seeing the word 'arbitrate' or any discussion of arbitration" when enrolling. *See* Ex. 8, Plaintiff's Supplemental Responses and Objections to ESPN's First Set of Interrogatories, at 10–12.

16. The very first page of the Subscriber Agreement to which Plaintiff was required to assent stated "THIS AGREEMENT WILL GOVERN YOUR USE OF THE DISNEY+ AND ESPN+ SERVICES." Ex. 2, Mutnuru Decl., Ex. D at 1 (capitalization in original).

17. The Subscriber Agreement contained a Binding Arbitration and Class Action Waiver provision ("Arbitration Provision"). Ex. 2, Mutnuru Decl., Ex. D at 11.

18. This Arbitration Provision required that "all disputes" be resolved through binding arbitration or small claims court, and be resolved on an individual rather than classwide basis. Ex. 2, Mutnuru Decl. ¶ 18. Conspicuous notice of the Arbitration Provision was prominently featured on the first page of the Subscriber Agreement in all capital letters in bold font, stating:

> **ANY DISPUTE BETWEEN YOU AND US, EXCEPT FOR SMALL CLAIMS, IS SUBJECT TO A CLASS ACTION WAIVER AND MUST BE RESOLVED BY INDIVIDUAL BINDING ARBITRATION. PLEASE READ THE ARBITRATION PROVISION IN THIS AGREEMENT AS IT AFFECTS YOUR RIGHTS UNDER THIS CONTRACT.**

Ex. 2, Mutnuru Decl., Ex. D at 1.

19. "Dispute" was defined broadly in the Subscriber Agreement to include "any dispute, action, or other controversy, whether based on past, present, or future events," between the customer and Disney+ and ESPN+ "concerning the Disney+ Service, ESPN+ Service, or this Agreement, whether in contract, tort, warranty, statute, regulation, or other legal or equitable basis." Ex. 2, Mutnuru Decl., Ex. D at 11.

20. The Arbitration Provision also explicitly granted the arbitrator with exclusive authority to determine the scope of the Provision, stating:

> You and Disney+ and/or ESPN+ empower the arbitrator with the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of these terms or the formation of this contract, ***including the arbitrability of any dispute*** and any claim that all or any part of this Subscriber Agreement are void or voidable.

Ex. 2, Mutnuru Decl., Ex. D at 11 (emphasis added).

21. The Arbitration Provision specified that proceedings will be administered by JAMS pursuant to the JAMS Streamlined Arbitration Rules & Procedures. Ex. 2, Mutnuru Decl., Ex. D at 11–12.

22. Since enrolling in and activating his Disney Bundle subscription on January 3, 2021, Plaintiff has continued to access ESPN+ services through the account associated with his natemswartz@gmail.com email address. *See* Ex. 7, Swartz Tr. at 97:14–18; *see also* Ex. 5, Lynch Decl. ¶ 9.

23. On September 28, 2022, Plaintiff received an email notifying him of impending updates to the Subscriber Agreement, effective November 3, 2022, including updates to the Arbitration Provision therein ("2022 Update Email"). *See* Ex. 9, SWARTZ000348–SWARTZ000350. The subject line and body header of the email stated "We're updating our Subscriber Agreement." *Id.* The 2022 Update Email also encouraged subscribers "to review the updated Subscriber Agreement," hyperlinked in underlined text. *Id.* This email specifically highlighted four key changes to the Subscriber Agreement, one of which was that updates were being made to the Arbitration Provision "to be more specific about the procedures for resolving any disputes relating to your subscription and our services." *Id.*; *see also* Ex. 10, 2022 ESPN+ and Disney+ Subscriber Agreement. The 2022 Update Email also noted the new terms would become effective on November 3, 2022, and "the prior version of our Subscriber Agreement will apply until then[.]" Ex. 9, SWARTZ000348–SWARTZ000350. The then-effective Subscriber Agreement was hyperlinked in the underlined "prior version" text. *Id.*

24. On September 29, 2022, the day after Plaintiff received the 2022 Update Email, Plaintiff filed the instant Class Action Complaint asserting that ESPN violated the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. § 5701 *et seq*. ("Pennsylvania Wiretap Act"). Compl., ECF No. 1.

25. On November 28, 2022, ESPN moved to compel arbitration and stay this action, arguing that the Subscriber Agreement to which Plaintiff assented included a binding arbitration and class action waiver provision that covered "all disputes" between Plaintiff and Disney+, ESPN+, and The Walt Disney Company and its affiliates. ECF No. 10 at 2. The Subscriber Agreement was appended to ESPN's Motion To Compel Arbitration, ECF. No. 10, and provided that in order to use ESPN+, the customer must agree to the terms of the Subscriber Agreement. *See* ECF No. 10-5 at 1 ("If you do not agree to the Subscriber Agreement, you may not use the Disney+ Service or ESPN+ Service.").

26. Since November 28, 2022, Plaintiff has continued to pay monthly subscription fees associated with his Disney Bundle account, which includes ESPN+, and has continued to stream videos, including live sports, through ESPN+, including accessing ESPN+ exclusive content as recently as late December 2023. *See* Ex. 4, Plaintiff's Responses and Objections to Defendant ESPN Inc.'s First Set of Requests for Admission, October 10, 2023, at 4–5; *see also* Ex. 7, Swartz Tr. at 87:12–20.[2]

[2] At Plaintiff's January 10, 2024 deposition, Plaintiff testified that he accessed exclusive ESPN content (mistakenly identified as "Insider content"—the former name for exclusive ESPN content), which is only accessible through an ESPN+ account, within the last two weeks.

Dated: February 9, 2024

Respectfully submitted,

By: /s/ *Jasmeet K. Ahuja*

Jasmeet K. Ahuja (PA ID # 322093)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
jasmeet.ahuja@hoganlovells.com

Allison M. Holt Ryan (*pro hac vice*)
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: (202) 637-5600
allison.holt-ryan@hoganlovells.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 9, 2024, a true and correct copy of the foregoing document and accompanying exhibits were filed using the Court's CM/ECF System, which will serve all counsel of record.

Dated: February 9, 2024 By: /s/ *Jasmeet K. Ahuja*